## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 12 2019, 9:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Megan Shipley
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marcus Lloyd,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 12, 2019

Court of Appeals Case No.
18A-CR-2649

Appeal from the Marion Superior Court

The Honorable David J. Certo, Judge

Trial Court Cause No.
49G12-1804-CM-13965

**Mathias, Judge.**

[1] Marcus Lloyd ("Lloyd") has filed a petition for rehearing, which we grant for the limited purpose of correcting our memorandum decision.

[2] In his petition, Lloyd correctly observes that our memorandum decision incorrectly stated that Lloyd had to prove "reasonable fear of death or serious bodily harm." Slip op. at *2 (quoting *Simpson v. State*, 915 N.E.2d 511, 514 (Ind. Ct. App. 2009), *trans. denied*). A defendant is only required to prove that element in a case involving deadly force. When a case does not involve deadly force, a defendant claiming self-defense must only show that he was protecting himself from what he "reasonably believe[d] to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c); *Dixson v. State*, 22 N.E.3d 836, 839 (Ind. Ct. App. 2014), *trans. denied*. And in our opinion, we observed that "a reasonable person would not fear death or great bodily harm in the presence of uniformed officers that were stopping the fight." Slip op. at 2.

[3] However, the State negated Lloyd's claim of self-defense by proving that he willingly participated in the fight and refused to withdraw from the fight when ordered to do so by police officers. *Id.* For this reason, we affirm our memorandum decision in all other respects.

May, J., and Brown, J., concur.